IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELISHA SMITH, | : | Civil Action No. 10-1160 |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| SHAUN DONOVAN, SECRETARY, | : | |
| U.S. DEPARTMENT OF HOUSING | : | |
| AND URBAN DEVELOPMENT | : | |
| | : | |
| DEFENDANT | : | |

**FEDERAL DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Shaun Donovan, U.S. Department of Housing and Urban Development, in his official capacity, by and through his attorneys, hereby answers the numbered paragraphs of Plaintiff's complaint as follows:

1. Admitted in part and denied in part. It is admitted that Elisha Smith is the plaintiff. It is admitted that Shaun Donovan is the Secretary of Housing and Urban Development. It is denied that Plaintiff's Title VII rights were violated; in addition, this is a legal conclusion to which no response is required.

2. Paragraph 2 of Plaintiff's Complaint contains allegations of jurisdiction to which no response if required. To the extent that a response is required, this paragraph is denied.

3. Paragraph 3 of Plaintiff's Complaint contains allegations of venue to which no response if required. To the extent that a response is required, this paragraph is denied.

4. Admitted.

5. Admitted.

6. Admitted.

1

7. Admitted.

8. It is admitted that Plaintiff was rated as "outstanding" or "highly successful since 1998. It is admitted that Plaintiff received a rating of "outstanding" in five critical elements and "highly successful" in the sixth critical element for the rating period that covered February 2003 through January 2004.

9. It is admitted that Plaintiff applied for the position of Senior Single Family Housing Specialist. Federal Defendant lacks knowledge or information sufficient to determine whether this was Plaintiff's first application for a promotion.

10. Admitted in part and denied in part. It is admitted that paragraph 10 lists some duties of a GS-13 Senior Single Family Housing Specialist. It is denied that paragraph 10 contains an exhaustive list of all the duties and responsibilities attendant to the GS-13 Senior Single Family Housing Specialist.

11. Paragraph 11 contains Plaintiff's characterization of her qualifications for which no response is required. To the extent that a response is required, this paragraph is denied.

12. The first sentence is Plaintiff's characterization of her abilities for which no response is required. To the extent a response is required, the first sentence is denied. The second sentence is denied. Plaintiff was merely scheduled to serve as Acting Branch Chief as part of a rotation pool as the GS-12s in Branch 1 took turns acting for Ms. Papilli.

13. Admitted.

14. Admitted.

15. It is admitted that Ms. Lopez performed a rating function; it is denied that her rankings reflected candidates' overall qualifications.

2

16. Denied. The Personnel Specialist forwarded the names of all applicants who received a score of 8 or more during the rating process.

17. It is admitted that Plaintiff's application received a score of 11 and that this was the second highest score received in the rating process undertaken by the Personnel Specialist. It is denied that this process constituted an evaluation of the applicants' qualifications and suitability for the position at issue. To the extent that Paragraph 17 suggests that management officials charged with selecting a candidate had knowledge of the rating scores, this paragraph is denied. While Plaintiff may have had the second highest score during the initial rating and ranking performed by the Personnel Specialist, that score played no role in the decisions of the selecting officials. Importantly, the ranking and rating score, which is determined by the Personnel Specialist, is used solely to determine the candidates who should be referred to the selecting officials. These scores were not communicated to management and were simply used to perform a screening function; the names of the best qualified candidates, including Plaintiff's, were provided to the selecting officials in alphabetical order.

18. It is admitted that the three selectees are white. It is admitted that only one selectee received a higher score than Plaintiff on the initial screening. To the extent that paragraph 18 suggests that Patricia Lawlor and Deborah Peacock were determined to be not as qualified as Plaintiff, this paragraph is denied. The Personnel Specialist created the "Best Qualified Roster" by evaluating each candidate's qualifications against the Quality Ranking Factors. After determining which candidates were "best qualified," the Personnel Specialist then listed the names of those candidates on the Selection Roster in alphabetical order. The "Selection Roster" does not purport to reflect a determination of

which candidates should be selected to fill the positions at issue. The Roster contains no indication of the scores given by the Personnel Specialist and so the selection official could not have been influenced by the relative scores of the candidates given by the Personnel Specialist. The candidates were listed in alphabetical order on the Selection Roster; the scores given by the Personnel Specialist were not made available to the selecting officials. Once the Selection Roster was drafted, all candidates listed were deemed equally qualified.

19. Denied. To the extent that paragraph 19 suggests that African American employees have been denied promotions for which they have applied, this paragraph is denied. During the relevant time period, Cheryl Walker, who is African American, served as a Recommending Official for two other GS-13 Vacancy Announcements prior to the instant Vacancy Announcement. Vacancy Number 10-MSP-2002-0001z closed on May 20, 2002. Four persons were selected. There was only one African American person listed on the selection roster—Cardell Johnson. Mr. Johnson was subsequently promoted under Vacancy number 10-MSP-2003-0003z about six months later; Cheryl Walker served as a Recommending Official. Under the latter announcement, only two African American persons were listed on the Selection Roster and one was selected, Cardell Johnson. Thus, under these two vacancy announcements, only two African American employees applied for the six available GS-13 positions. Further, one of these African American employees was selected for the available GS-13 position. In addition, Carmella Harrigan, an African American female GS-13 employee, was laterally transferred into the REO Division during the relevant time period and serves as Cheryl Walker's deputy.

20. To the extent that paragraph 20 suggests that Ms. Walker discriminated when promoting employees, this paragraph is denied. It is admitted that Ms. Walker promoted Cardell Johnson, an African American, to a GS-13 position. Federal Defendant incorporates its answer as provided in paragraph 19 as if set forth in its entirety.

21. To the extent that paragraph 21 suggests that Ms. Walker discriminated against female African-American employees, this paragraph is denied. Federal Defendant incorporates its answer as provided in paragraph 19 as if set forth in its entirety.

22. To the extent that paragraph 22 suggests that African-American females have been denied promotions for which they have applied, this paragraph is denied. Federal Defendant incorporates its answer as provided in paragraph 19 as if set forth in its entirety.

23. To the extent that paragraph 23 is suggesting that African American females have been denied promotions for which they have applied, this paragraph is denied. Federal Defendant incorporates its answer as provided in paragraph 19 as if set forth in its entirety.

24. To the extent that paragraph 24 suggests that the selection was based solely on performance ratings, this paragraph is denied. To the extent that paragraph 24 suggests that Plaintiff was the second Best Qualified candidate, this paragraph is denied. After the Personnel Specialist rated the candidates and determined the eligible candidates, the candidates were listed in alphabetical order on the Selection Roster. The scores given by the Personnel Specialist were not made available to the selecting officials. Once the Selection Roster was drafted, all candidates listed were deemed equally qualified.

25. Denied. The Agency has articulated five legitimate, non-discriminatory bases for its decision to not select Plaintiff for the senior level position.

26. Denied. The application materials of the candidates listed on the Selection Roster were forwarded to Engram Lloyd.

27. Admitted.

28. The allegations of this paragraph are characterizations to which no response is required. Further, this paragraph inaccurately states that there were three candidates..

29. Admitted in part, denied in part. It is admitted that the Personnel Specialist rated the candidates using the Quality Ranking Factors. In rating the candidates, the only information available to the Personnel Specialist was contained in the application packages submitted by the candidates; much less than that available to Ms. Walker, Plaintiff's second line supervisor. The Personnel Specialist did not have the benefit of interviewing the candidates or the ability to determine the relative importance of the skills possessed by each candidate. Ms. Walker was in a better position to determine who was best qualified to fill the senior-level position. The Personnel Specialist merely performed a screening function in that she determined who met the minimum qualifications. It is denied that the screening function performed by the Personnel Specialist is more "objective" than the process undertaken by Ms. Walker.

30. Admitted.

31. Paragraph 31 is a conclusion of law for which no response is required. To the extent that a response is required, the paragraph is denied.

32. Admitted.

33. Admitted.

34. Admitted.

35. Denied. The averments of Paragraph 35 are denied, because, after reasonable investigation, Federal Defendant is without information so as to form a belief as to the truth or falsity of said averments.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Federal Defendant incorporates herein its answers as provided in paragraphs 1 through 39 as if set forth in their entirety.

41. Paragraph 41 is a conclusion of law for which no response is required. To the extent that a response is required, the paragraph is denied.

42. Admitted.

43. Admitted in part, denied in part. It is admitted that Plaintiff was qualified for the position. It is denied that Plaintiff was more qualified than the selectees.

44. Denied. Federal Defendant denies that its hiring practices or processes are discriminatory.

45. Denied. Federal Defendant denies that its hiring practices or processes are discriminatory.

46. Denied. The Agency has articulated five legitimate, non-discriminatory bases for its decision to not select Plaintiff for the senior level position.

47. Denied. Federal Defendant denies that its hiring practices or processes are discriminatory.

48. Denied. Federal Defendant denies that its hiring practices or processes are discriminatory.

49. Federal defendant specifically denies that it discriminated against Plaintiff on the basis of race or any other basis when it chose to promote candidates with qualifications superior to Plaintiff's to fill the Senior Single Family Specialist positions. It is denied that as a result of Federal Defendant's actions that Plaintiff sustained a loss of income and loss of employment benefits.

50. Denied. Federal Defendant avers that it did not cause damage to Plaintiff.

51. Federal Defendant incorporates herein its answers as provided in paragraphs 1 through 50 as if set forth in their entirety.

52. Denied. Paragraph 41 is a conclusion of law for which no response is required. To the extent that a response is required, the paragraph is denied.

53. Admitted.

54. Admitted in part, denied in part. It is admitted that Plaintiff was qualified for the position. It is denied that Plaintiff was more qualified than the male selectee. In response to a question posed by the EEO investigator during the administrative processing before the EEOC, Plaintiff stated, under penalty of perjury, that she holds the opinion that she is equally qualified to Robert Contois for the subject position. ROI, Exhibit 7, page 12. She stated, "Bob Contois has been with the Department a long time. I honestly believe he has more REO related skills and experience than I do. . . ." Id.

55. Denied. Federal Defendant denies that its hiring practices or processes are discriminatory.

56. Denied. Federal Defendant denies that its hiring practices or processes are discriminatory.

57. Denied. The Agency has articulated five legitimate, non-discriminatory bases for its decision to not select Plaintiff for the senior level position.

58. Denied. Federal Defendant denies that its hiring practices or processes are discriminatory.

59. Denied. Federal defendant specifically denies that it discriminated against Plaintiff on the basis of gender or any other basis when it chose to promote candidates with qualifications superior to Plaintiff's to fill the Senior Single Family Specialist positions. It is denied that as a result of Federal Defendant's actions that Plaintiff sustained a loss of income and loss of employment benefits.

60. Denied. Federal defendant specifically denies that it discriminated against Plaintiff on the basis of race or any other basis when it chose to promote candidates with qualifications superior to Plaintiff's to fill the Senior Single Family Specialist positions. It is denied that as a result of Federal Defendant's actions that Plaintiff sustained a loss of income and loss of employment benefits.

61. Denied. Federal Defendant avers that it did not cause damage to Plaintiff. The allegations set forth in the "WHEREFORE" clause of Plaintiff's Complaint constitute Plaintiff's demand for relief, monetary damages, and judgment to which no response is required. To the extent that such demands may be deemed allegations of fact, they are denied. Furthermore, Federal Defendant denies that Plaintiff is entitled to relief requested, or to any relief whatsoever. All claims not specifically addressed herein are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The selection decisions at issue in this case were made for legitimate business purposes.

### Second Affirmative Defense

The selection decisions at issue in this case were not based on discrimination of any kind.

### Third Affirmative Defense

Defendant acted at all times in accordance with procedures required by law, rule and regulation.

### Fourth Affirmative Defense

Plaintiff's damages, if any, are limited to those statutorily authorized by Title VII, 42 U.S.C. § 1981a.

### Fifth Affirmative Defense

Plaintiff is not entitled to punitive damages.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

MARGARET L. HUTCHINSON
Chief, Civil Division

*Mary Catherine Frye*
MARY CATHERINE FRYE
Assistant U.S. Attorney
STACEY L. B. SMITH
Assistant U.S. Attorney

Dated: May 21, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing Federal Defendant's Answer to Plaintiff's Complaint to be served by first-class United States mail, postage prepaid, upon the following:

> Patrick J. McDonnell, Esq.
> Lindsey S. Forshay, Esq.
> McDonnell & Associates
> 500 West Route 70
> Cherry Hill, NJ 08002

MARY CATHERINE FRYE
Assistant United States Attorney

Dated: May 21, 2010